# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVID FRANKLIN WILSON, JR., | : |
| Petitioner, | : |
| VS. | : NO. 5:09-CV-218 (MTT) |
| WILLIAM TERRY, | : |
| Respondent. | : Proceedings Under 28 U.S.C. §2254 |
| | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is a 28 U.S.C. §2254 petition seeking habeas corpus relief filed by David Franklin Wilson, Jr.. Doc. 1. The petition enumerates a single ground, in which Petitioner contends that the trial court erred by failing to suppress evidence obtained during an allegedly unconstitutional search of his vehicle. Petitioner's claim is precluded from review by this Court by the holding of Stone v. Powell, 428 U.S. 465 (1976). Consequently, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

## BACKGROUND

### Procedural History

On November 14, 2006, Petitioner was indicted by a Houston County, Georgia grand jury for the offenses of trafficking cocaine, trafficking MDMA/ecstasy, possession of MDMA/ecstasy with intent to distribute, possession of marijuana with intent to distribute, and possession of marijuana over one ounce. Following a bench trial, Petitioner was found guilty of all offenses. On Count One, he was sentenced to 30 years with the first 25 to be served in the penitentiary; on Count Two he received a 30 year sentence with the first 10 to be served in the penitentiary; Count Three

merged with Count Two; on Count Four he was sentenced to 10 years to serve in the penitentiary and Count Five merged with Count 4. All sentences are to be served concurrently.

Petitioner filed a direct appeal raising the same issue as in the instant petition. The Georgia Court of Appeals affirmed Petitioner's convictions and sentences. Wilson v. State, 293 Ga.App. 136, 666 S.E.2d 573, 8 FCDR 2623 (Ga.App. Jul 16, 2008) (NO. A08A0401), *recon. denied* (Jul 31, 2008), *cert. denied* (Nov 17, 2008). On July 1, 2009, Petitioner executed the instant federal petition.

## **Historical Facts**

In accordance with 28 U.S.C. § 2254(e)(1), and for purposes of considering the instant petition, the historical facts as set forth by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. These facts are as follows:

> Wilson was initially stopped by Deputy Clay Chambers for following too closely. Wilson admitted to Chambers that he was following too closely. Chambers testified that he noticed that Wilson's hands were shaking as Wilson handed him [a] rental agreement for the car he was driving. Chambers ran Wilson's driver's license and tag, and decided to write Wilson a warning ticket. Chambers went back to Wilson's car, told him he was going to write him a warning and asked him to step to the rear of his vehicle. Chambers testified that although most people initially are nervous when they get stopped because they think they are going to get a ticket, they calm down once they are informed they are just being given a warning. But Wilson still appeared nervous; for this reason Chambers started talking to him about where he lived, "his trip, his itinerary, if he was going on business or vacation." He testified that Wilson also began using his cell phone and that he would not make eye contact with him. Chambers began questioning Wilson about whether he had anything illegal in the car including various types of contraband. Chambers said Wilson kept looking at the ground and shaking his head no, although he did make eye contact with Chambers and "kind of giggled" when Chambers asked him if he had any methamphetamine or heroin. Chambers then asked Wilson for consent to search his vehicle, and when Wilson refused, Chambers stopped writing the ticket, which he had not completed at that point, and retrieved his drug detection canine out of his vehicle. The dog gave a positive alert on the vehicle, and Chambers then searched the vehicle and found what he suspected to be cocaine. Wilson was placed under

arrest at that time, and Chambers continued to search the vehicle, finding what was subsequently identified as marijuana and MDMA tablets.

Wilson v. State, 293 Ga. App. at 136-137.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record in this case, and in light of the fact statement set forth above, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. "Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

As indicated above, in the sole ground of this petition, Petitioner alleges that the trial court erred in denying Petitioner's motion to suppress evidence of the contraband found during the search of his vehicle.

Federal habeas corpus review of Fourth Amendment search and seizure claims is narrowly limited. According to the United States Supreme Court, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465 at 494 (1976). A state provides "full and fair consideration" when it provides "at least one evidentiary hearing in a trial court and the availability of meaningful review when there are facts in dispute, and full

consideration by an appellate court when the facts are not in dispute." Bradley v. Nagle, 212 F.3d 559, 565 (11th Cir. 2000)(internal quotation marks omitted).

In this case, the State courts provided an opportunity for full and fair litigation of Petitioner's Fourth Amendment claim. Petitioner challenged the admissibility of the cocaine, MDMA, and marijuana found during the search of his vehicle that took place incident to an automobile stop by police in a pretrial motion to suppress hearing. Petitioner then appealed the denial of his motion to suppress, arguing that prolonging the actual issuance of a citation to conduct an unrelated investigation is impermissible under the protections of the fourth amendment. Upon review of this argument, the Georgia Court of Appeals affirmed the trial court's ruling. Thereafter, Petitioner moved for reconsideration of the intermediate appellate court's decision as well as further review of his claim through an application for a writ of certiorari in the Georgia Supreme Court. Both were denied. Because Petitioner had an opportunity for full and fair litigation of his motion to suppress, Petitioner's Fourth Amendment claim is precluded from further review. Consequently, the instant petition should be denied.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146

L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in any objections to this Recommendation.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the instant § 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the last address provided by him.

**SO RECOMMENDED**, this 19th day of April, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge